NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENNETH ESCOBOZA, et al., <br><br> Defendants. | Civil Action No. 22-06147 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court on the motion for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), filed by Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"). Plaintiff filed its Complaint on October 18, 2022, alleging Defendants Kenneth Escoboza ("Escoboza") and Fanatix Cigar Lounge LTD ("Fanatix") (collectively, "Defendants") engaged in copyright infringement pursuant to 17 U.S.C. § 501. Specifically, Plaintiff asserts Defendants showed the Wilder v. Fury II pay-per-view boxing match inside Defendants' commercial cigar lounge without a commercial license. The Complaint seeks statutory damages of $30,000 and enhanced damages of $150,000, as well as interest, costs, and attorneys' fees. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

The record indicates that Defendants were served on October 31, 2022 (ECF No. 6, 7), and that they have not appeared in this action. The clerk entered default on December 1, 2022. Plaintiff moved for entry of default judgment on January 5, 2023. (ECF No. 9). Defendants have not appeared to oppose the motion.

Federal Rule of Civil Procedure 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. In the Third Circuit, "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before it enters default judgment, the Court must find that the Complaint's factual allegations "constitute a legitimate cause of action." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). The Court accepts as true the Complaint's factual assertions, except those pertaining to damages, which the movant must instead prove. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

To state a claim of copyright infringement, a Plaintiff must demonstrate: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). Plaintiff alleges it is the copyright owner, satisfying the first element. (Compl. ¶ 26). Regarding the second element, "[c]opying is a shorthand reference to the act of infringing any of the copyright owner's exclusive rights set forth at 17 U.S.C. § 106." Dun & Bradstreet, 307 F.3d at 206. Section 106 provides a copyright holder shall have the exclusive right to publicly perform audiovisual works or to authorize others to do so. See 17 U.S.C. § 106(4) ("[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: . . . in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly.") The Complaint alleges "Defendants and/or their agents, servants, workmen and employees unlawfully publicly performed the Wilder vs. Fury II PPV Event Broadcast." (Compl. ¶ 32). It asserts Defendants did so without

authorization from Plaintiff, specifically in the form of a commercial license. (Compl. ¶ 31-32). This satisfies 17 U.S.C. § 106(4). Therefore, Plaintiff has stated a claim of copyright infringement.

Plaintiff is required to prove damages. Congress has provided two approaches for awarding copyright infringement damages. First, a court may calculate "the actual damages suffered by [the copyright owner] as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Or, a plaintiff may elect to receive statutory damages, which is "a sum of not less than $750 or more than $30,000 as the court considers just." Id. § 504(c)(1). Plaintiff has elected to receive statutory damages. (Compl. Prayer for Relief).

Plaintiff cites authority that courts frequently award statutory damages in similar cases between two to six times the licensing fee, had the defendant paid for a license in advance. (ECF No. 9 at 13). The Court is satisfied the middle of that range, four times the licensing fee, adequately compensates Plaintiff and provides sufficient deterrence to Defendants and others who might display copyrighted material without a license. A license would have cost Defendants $1,450. (ECF No. 9-5). Therefore, the Court will award Plaintiff $5,800.

Contrary to Plaintiff's assertion, a finding of willful infringement, which is deemed admitted through Defendants' default, does not increase the damages award. The statute referenced by Plaintiff, 17 U.S.C. § 504(c)(2), merely increases the maximum amount of statutory damages a court can award to $150,000 upon a finding of willful infringement. See 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.") It does not require a court to award

3

any additional damages.  The Court is satisfied that $5,800 is a just award, and a finding of willful infringement does not change that award.

The Court has discretion to award interest, costs, and attorneys' fees.  17 U.S.C. § 505.  The Court declines to award interest.  Plaintiff waited over two years to file suit.  The cost of that delay should fall on Plaintiff.  Plaintiff also asks for costs and attorneys' fees.  However, Plaintiff's request is not in compliance with the Local Rules and provides almost no specificity of the costs and fees incurred.  Plaintiff's request for fees is denied without prejudice, with leave to file a Bill of Costs in compliance with Local Rule 54.1, and an application for attorneys' fees in compliance with Local Rule 54.2.

In sum, Plaintiff's motion is granted in part and denied in part.  The clerk is directed to enter default judgment for Plaintiff against Defendant for copyright infringement, with statutory damages of $5,800.  Plaintiff's request for interest is denied with prejudice. Plaintiff's request for costs and attorneys' fees is denied without prejudice, with leave to file a Bill of Costs and an application for attorneys' fees in compliance with the Local Rules.

       s/ Stanley R. Chesler  
       STANLEY R. CHESLER  
       United States District Judge

Dated:  February 14, 2023